UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15-CV-485 CAS |
| UNKNOWN BLANKS, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's motion for leave to proceed in forma pauperis. Having considered plaintiff's financial information, the Court will grant the motion. In addition, the Court will (1) dismiss plaintiff's official-capacity claims against defendant Unknown Blanks; (2) order the Clerk of Court to issue process on the complaint as to defendant Blanks in his individual capacity; and (3) dismiss the complaint as to defendants City of St. Louis and Barnes Jewish Hospital.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a

claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id*. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 680-82. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 680-81. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681-82. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id*.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff brings this action for monetary relief pursuant to 42 U.S.C. § 1983 against defendants Unknown Blanks (a City of St. Louis police officer), the City of St. Louis, and Barnes Jewish Hospital. Plaintiff alleges that in June of 2014, defendant Blanks falsely arrested him without probable cause and in retaliation for plaintiff stating that he would report Blanks to

2

Internal Affairs. Plaintiff states that he was "assaulted and battered and maliciously arrested and prosecuted." Plaintiff is suing defendant Blanks in both his individual and official capacities.

Plaintiff further states that he was "thrown in a cell" and, after he began complaining of neck pain, he was illegally transported to Barnes Jewish Hospital. Plaintiff alleges that the hospital "security forces and personnel . . . all contrived [his] false arrest/imprisonment." Plaintiff states that he was strip-searched and handcuffed to a hospital bed "while hospital personnel performed a painful procedure that identified that [his] vocal cords were damaged." Plaintiff states that a hospital physician "made a blatant misdiagnosis and called [him] delusional to substantiate their malicious claims." In addition, plaintiff alleges that the hospital "showed a deliberate indifference to [his] medical needs and had [him] civilly committed after [he] was attacked by police and security personnel." Plaintiff also claims that "the security forces" lied to his lawyer in stating that plaintiff did not wish to talk to him.

Last, plaintiff summarily claims that the City of St. Louis Police Department "has a pattern of unlawful and improper misdemeanor arrest[s] and should be liable for negligent supervision, and failure to train." Plaintiff states that all charges against him were ultimately dismissed.

**Discussion**

**I. Claims against the City of St. Louis and Barnes Jewish Hospital**

With regard to the City of St. Louis, the Court notes that although a municipality is not entitled to absolute immunity in a § 1983 action, it cannot be held liable under a respondeat superior theory. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Municipal

liability cannot be imposed absent factual, non-conclusory allegations that unlawful actions were taken pursuant to a municipality's unconstitutional policy or custom. *Id*. at 694; *see also Iqbal*, 556 U.S. at 677-79 (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth). There are no non-conclusory allegations in the instant complaint relative to the City of St. Louis, and therefore, this action will be dismissed without prejudice pursuant to § 1915(e)(2)(B) as to this defendant.[1]

Similarly, the Court will dismiss this action as to defendant Barnes Jewish Hospital. "A corporation acting under color of state law will be held liable only for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Plaintiff does not claim that his constitutional rights were violated as the result of an official hospital policy or custom. Moreover, the respondeat superior theory of liability is inapplicable in § 1983 actions, s*ee Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995), and mere negligence does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

---

[1] The Court will not liberally construe the complaint as asserting claims against the City of St. Louis Police Department, because police departments are not suable entities under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983).

## II. Official Capacity Claims

Official-capacity suits are tantamount to actions brought directly against the public entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. *Brandon v. Holt*, 469 U.S. 464, 473 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Because plaintiff does not allege any facts to support a claim that a public entity's policy or custom was responsible for the violation of his constitutional rights, the complaint fails to state a claim or cause of action under § 1983 against defendant Unknown Blanks in his official capacity.

## III. Individual Capacity Claims

Plaintiff's claims against defendant Unknown Blanks in his individual capacity, arising out of the alleged false arrest, state a claim for the violation of plaintiff's constitutional rights and, therefore, the Court will order process to issue against this defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued as to defendant Unknown Blanks in his individual capacity only.

**IT IS FURTHER ORDERED** that defendant Unknown Blanks, in his individual capacity, shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure. *See* 42 U.S.C. § 1997e(g)(2).

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims against defendant Unknown Blanks and all claims against the City of St. Louis and Barnes Jewish Hospital are **DISMISSED** without prejudice. *See* 42 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (prisoner actions-standard).

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 8th day of May, 2015.